■ IMGEST FINANCE ESTABLISHMENT, Respondent, v SHEARSON LEHMAN HUTTON, INC., Appellant.—Judgment, Supreme Court, New York County (Carol H. Arber, J.), entered November 15, 1990, which found in favor of petitioner in the sum of $1,001,391.18, upon confirmation of an award in arbitration, unanimously affirmed, with costs.

Petitioner obtained an arbitration award against its broker, the respondent, for executing improper option trades. When petitioner sought confirmation of the award, respondent cross-moved to vacate the award on the ground of fraud. Specifically, respondent contends that petitioner concealed the fact that its money manager, Pelligrinelli, was also a money manager for another company, Pecon, S.A., which traded through the brokerage house Refco Securities, and that Pelligrinelli had testified in an arbitration proceeding on behalf of Pecon that he had been relying on Refco's investment advice. The court denied the cross-motion and confirmed the arbitration award, finding that the parties and issues were different in both cases and that respondent failed to establish any meaningful inconsistencies in the testimony of petitioner's witness or any evidence of fraud.

To vacate an arbitration award on the ground of fraud, a party must establish by clear and convincing evidence the existence of fraud, that the fraud would not have been discoverable upon exercise of due diligence prior to or during the arbitration, and that the fraud materially related to an issue in arbitration *(Dogherra v Safeway Stores,* 679 F2d 1293, *cert denied* 459 US 990). Respondent has not met this burden. Respondent was aware of the existence of other clients and made no effort to seek the information it now claims was concealed. Nor was the information material, since it appears that the damage award was based on a finding, demonstrable by documentary evidence, that the last order should have

been canceled before execution. Concur—Sullivan, J. P., Wallach, Asch and Smith, JJ.