■ In the Matter of MOTORS INSURANCE CORPORATION, Appellant. RONALD LEWIS, Respondent. [634 NYS2d 189] —In a

proceeding pursuant to CPLR article 75 to vacate an uninsured motorist arbitration award, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Newmark, J.), dated June 9, 1994, which denied the petition.

Ordered that the judgment is affirmed, with costs.

The appellant has not demonstrated by clear and convincing evidence that the respondent procured his award of uninsured motorist benefits through fraud (see, Imgest Fin. Establishment v Shearson Lehman Hutton, 172 AD2d 291). Accordingly, it has not established that the arbitrator's award should be vacated pursuant to CPLR 7511 (b) (1) (i).

The arbitrator was fully aware of the appellant's contentions with respect to the respondent's alleged fraud, but nevertheless concluded that the respondent was entitled to an award. It is well settled that the "[c]ourts are reluctant to disturb the decisions of arbitrators lest the value of this method of resolving controversies be undermined [and] * * * it is imperative that the integrity of the process, as opposed to the correctness of the individual decision be zealously safeguarded" (Matter of Goldfinger v Lisker, 68 NY2d 225, 230; see also, Matter of Siegel [Lewis], 40 NY2d 687). Moreover, the appellant never established that the respondent's claim was excluded by the language of the underlying policy. Accordingly, the Supreme Court correctly denied the petition. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.