■ In the Matter of JULIAN MARKBY, Appellant, v PAINE-WEBBER INCORPORATED et al., Respondents. [664 NYS2d 520]

—Order and judgment (one paper), Supreme Court, New York County (Barry Cozier, J.), entered January 7, 1997, which denied petitioner's application to vacate portions of an arbitration award, and confirmed those portions of the award, unanimously affirmed, without costs.

There is no merit to petitioner's claim that the arbitration award violates the public policy against forfeiture of earned wages. Certainly, there is nothing on the face of the documents defining the compensation payable under respondent's Stock Award and Incentive Compensation Plans to indicate that the compensation petitioner seeks to recover was other than wholly discretionary (see, Weiner v Diebold Group, 173 AD2d 166, 167), and the increased value of petitioner's capital contribution as a limited partner in an entity to which he rendered no services can hardly be thought of as wages (see, Labor Law § 190 [1]). Whether or not the description of the compensation contained in the documents is accurate is an issue of fact that was for the arbitrator (see, Hackett v Milbank, Tweed, Hadley & McCloy, 86 NY2d 146, 155, 157-158; Mirchel v RMJ Sec. Corp., 205 AD2d 388, 389-390). Concur—Milonas, J. P., Wallach, Williams, Tom and Mazzarelli, JJ. [See, 169 Misc 2d 173.]