■ CAREMOR, INC., et al., Appellants, v EFFAR (TIBERIAS) LTD. et al., Respondents. [669 NYS2d 219] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered November 20, 1996, *inter alia*, confirming an arbitration award in the principal amount of $244,298 in favor of defendant Effar (Tiberias) Ltd. and against plaintiffs Caremor, Inc. and Aqua Products, Inc., and order, same court and Justice, entered July 8, 1997, which, insofar as appealable, denied plaintiffs' motion to renew, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 25, 1996, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

We agree with the motion court that Caremor failed to demonstrate by clear and convincing evidence that Effar committed a fraud materially related to an issue in the arbitration that could have influenced the arbitrator's decision (*see, Imgest Fin. Establishment v Shearson Lehman Hutton*, 172 AD2d 291). Nor is there a basis for finding that Effar destroyed or withheld documents, there being no challenge to Effar's assertion that its own documents had been destroyed and that the copies submitted at the hearing were obtained from public authorities. The award was properly upheld as against Aqua Products, though not a party to the contract in issue, since the record shows that it agreed to participate in the arbitration, and any error as to its substantive liability is not reviewable. Renewal was properly denied since nothing in the supposedly new evidence shows a causal connection between the alleged fraud and the arbitration decision. In any event, newly discovered evidence does not constitute a ground for challenging an arbitration award (*Matter of Migdal Plumbing & Heating Corp. [Dakar Developers]*, 232 AD2d 62, 64). We have considered plaintiffs' other contentions and find them to be without merit. Concur—Milonas, J. P., Williams, Mazzarelli and Andrias, JJ.