■ In the Matter of the Arbitration between MONROE COUNTY et al., Respondents, and MONROE COUNTY DEPUTY SHERIFFS' ASSOCIATION, INC., Appellant. [670 NYS2d 276] —Order unanimously reversed on the law without costs, petition denied and award confirmed. Memorandum: We reject respondent's contention that petitioners, Monroe County and Monroe County Sheriff's Office (County), waived their right to seek vacatur of an arbitration award as in excess of the arbitrator's powers pursuant to CPLR 7511 (b) (1) (iii), by participating in the arbitration without first seeking a stay. Because some of the issues submitted by the parties for determination by the arbitrator were arbitrable, no stay would have been granted; thus, the failure to seek a stay under such circumstances is not a waiver of the right to challenge a decision as in excess of the arbitrator's powers (*see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 302, 309; *Matter of Consolidated Carting Corp. [Local No. 282, Intl. Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers]*, 28 AD2d 667).

However, we agree with respondent that the County waived the right to argue that the issues that it voluntarily submitted to the arbitrator were outside of the arbitrator's powers to determine (*see, United Buying Serv. Intl. Corp. v United Buying Serv.*, 38 AD2d 75, 79, *affd* 30 NY2d 822). Those issues included whether the employee in question, who initially stated that he would retire on a specific date but later requested that his retirement be postponed for several months, resigned or was involuntarily terminated when the County refused to allow the postponement. "The courts' power to intervene [to vacate an award] is even more restricted when the arbitrator's interpretation of the agreement *resolves the question submit-*

*ted,* and not merely one aspect of the dispute" (*Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582 [emphasis added]). Thus, Supreme Court erred in granting the petition and vacating the arbitration award. (Appeal from Order of Supreme Court, Monroe County, Ark, J.—Arbitration.) Present—Denman, P. J., Green, Pine, Callahan and Fallon, JJ.