■ CREDIT SUISSE FIRST BOSTON CORPORATION, Appellant, v DAVID CRISANTI, Respondent. [734 NYS2d 150] —Order, Supreme Court, New York County (Barry Cozier, J.), entered January 23, 2001, which, to the extent appealed from, denied the petition to vacate that part of the arbitration award granting respondent a bonus, unanimously affirmed, without costs.

In this dispute over a terminated arbitrageur's entitlement to a bonus, Supreme Court properly declined to vacate the subject arbitration award on the ground that the panel had manifestly disregarded the law, since the purportedly governing legal principles were not well defined, explicit and applicable to the case (*see, New York Tel. Co. v Communications Workers of Am. Local 1100*, 256 F3d 89, 91). We find no basis for judicial disturbance of the arbitrators' primarily factual conclusion that the bonus sought by respondent was an essential component of his compensation and that the parties' course of dealing and the industry practice gave rise to an implied right to a bonus (*cf., Matter of Markby v PaineWebber Inc.*, 243 AD2d 311). The arbitrators' refusal to hear the testimony of a particular proposed witness who would have presented a different version of events than that provided by respondent was not fundamentally unfair, since the panel had been apprized of the contents of the proposed witness's testimony during the several days of the hearing and his testimony would have been cumulative (*see, Areca, Inc. v Oppenheimer & Co.*, 960 F Supp 52, 55). The alleged misrepresentation by respondent's attorney at the hearing did not constitute fraud on the panel, since it was effectively retracted, was not made with the requisite scienter, and cannot be said to have caused the panel to make any particular determination (*PaineWebber Group v Zinsmeyer Trusts Partnership*, 187 F3d 988, 991, 994, *cert denied* 529 US 1020; *see also, Caremor, Inc. v Effar [Tiberias] Ltd.*, 247 AD2d 348). Nor did the award offend a well-defined and dominant public policy resting on clear law and legal precedent, since petitioner-appellant presented only vague and attenuated considerations in attacking the award to respondent as arising from misconduct (*see, United Paperworkers Intl. Union v Misco, Inc.*, 484 US 29, 43; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 327).

We have considered petitioner's other contentions and find

them unavailing. Concur—Sullivan, P. J., Rosenberger, Williams, Tom and Friedman, JJ.