■ In the Matter of ALAN BART, Respondent, v PHILIP J. MILLER, Appellant. [754 NYS2d 559] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated February 16, 2001, the appeal is from (1) an order of the Supreme Court, Nassau County (Franco, J.), dated May 18, 2001, which, inter alia, granted the petitioner's motion to confirm the award, and (2) a judgment of the same court, dated May 25, 2001, entered upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The appellant's argument that the arbitrators' award violates strong public policy is raised for the first time on appeal. This argument is unpreserved for appellate review and we decline to review it in the exercise of our interest of justice jurisdiction (*see Sandoval v Juodzevich,* 293 AD2d 595; *Rotundo v S & C Magnetic Resonance Imaging,* 255 AD2d 573).

The Supreme Court properly determined that the arbitrators' award was not made in manifest disregard of the law or the facts (*see Credit Suisse First Boston Corp. v Crisanti,* 289 AD2d 83; *see also New York Tel. Co. v Communications Workers of Am. Local 1100 AFL-CIO Dist. One,* 256 F3d 89). Although the appellant argued that the arbitrators misunderstood the facts and reached incorrect conclusions, he failed to identify any legal principle which the arbitrators disregarded.

The appellant's remaining contentions are without merit. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.