■ In the Matter of AUGUSTIN SALDANA, Respondent, v STATE FARM FIRE AND CASUALTY COMPANY, Appellant. [835 NYS2d 96]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered on or about July 20, 2006, which granted petitioner's motion to vacate an arbitration award, directed that a new

arbitration be held before a different arbitrator, and denied respondent's cross motion to confirm the award, unanimously reversed, on the law, with costs, the motion denied and cross motion granted.

The arbitrator's determination, that petitioner did not sustain "serious injury" as that term is defined in Insurance Law § 5102 (d), was rational and supported by evidence in the record (see Matter of Travelers Ins. Co. v Job, 239 AD2d 289, 291 [1997]).

Petitioner failed adequately to support his contention that the award should be vacated on the ground of arbitral partiality (CPLR 7511 [b] [1] [ii]). His assertion that the arbitrator awarded him nothing because he complained to the American Arbitration Association respecting the arbitrator's delay in rendering his determination rests on a "mere inference" of partiality insufficient to warrant disturbance of the award (Rose v Lowrey & Co., 181 AD2d 418, 419 [1992]). There is nothing in the record to indicate that the arbitrator received the complaints directly or was influenced by them (cf. Matter of Fischer [Queens Tel. Secretary], 106 AD2d 314 [1984]). Concur—Mazzarelli, J.P., Sullivan, Sweeny, Catterson and McGuire, JJ.