■ In the Matter of DENIS M. FIELD, Appellant, v BDO USA, LLP, Respondent. [11 NYS3d 143]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered July 22, 2013, which dismissed the petition to vacate the arbitration award, dated July 17, 2012, and order, same court (Saliann Scarpulla, J.), entered November 25, 2014, which denied petitioner's motion to renew the petition, unanimously affirmed, with costs.

With respect to the renewal order, petitioner Field has failed to meet his heavy burden of establishing that the arbitration award should be vacated on the basis of fraud (*Imgest Fin. Establishment v Shearson Lehman Hutton*, 172 AD2d 291, 291 [1st Dept 1991]). Such showing can only be established "by clear and convincing evidence" that the fraud "materially related to an issue in [the] arbitration," and that "the fraud would not have been discoverable upon exercise of due diligence prior

to or during the arbitration" (*id.*). Field failed to make either of these showings.

Specifically, Field has not shown—and the record does not establish by clear and convincing evidence—that BDO was in possession of the Skadden memo or was aware of the possible negative implications stemming from the use of certain tax shelters in 2001. Moreover, even if BDO did have this knowledge and fraudulently concealed this fact from the arbitrator, as Field claims it did, the issue of whether Field acted alone or complicitly with BDO is ultimately irrelevant to whether Field's actions were "ordinary and proper," and thus not materially related to his entitlement to indemnification from BDO (*id.*). The parties do not dispute that New York Partnership law controls their agreement, or that Field was required to show that his actions were "ordinary and proper" to be entitled to indemnification. Nor has Field shown that he could not have discovered the alleged fraud through proper due diligence, an independent basis for affirmance (*id.*).

The dismissal order is also affirmed. When a party has agreed to an arbitration organization's rules, and those rules shift arbitrability questions to the arbitrator, the issue of arbitrability is taken from the court's purview and resides solely with the arbitrator (*Life Receivables Trust v Goshawk Syndicate 102 at Lloyd's*, 66 AD3d 495, 496 [1st Dept 2009], *affd* 14 NY3d 850 [2010], *cert denied* 562 US 962 [2010]). Rule 11 (c) of the JAMS rules explicitly gives the arbitrator the power to decide the scope of the arbitration clause. The arbitrator properly declined Field's request for reimbursement of vexatious litigation fees based on a separate, but related litigation, finding that the issue was not arbitrable under the parties' agreement. Concur—Mazzarelli, J.P., Sweeny, Gische, Clark, JJ. ■