■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, A.F.S.C.M.E. LOCAL 1000, A.F.L.-C.I.O., by its Local 830, et al., Respondents, v COUNTY OF NASSAU, Appellant. [38 NYS3d 232]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the County of Nassau appeals from a judgment of the Supreme Court, Nassau County (Iannacci, J.), entered April 10, 2014, which, inter alia, granted the petition.

Ordered that the judgment is affirmed, with costs.

Pursuant to the disciplinary procedures of a collective bargaining agreement, an arbitrator was designated to hear and determine the petitioners' grievance related to the termination of the petitioner Robert Giscombe's employment with the Nassau County Sheriff's Department. The arbitrator sustained the grievance and reinstated Giscombe with back pay. Thereafter, the petitioners commenced this proceeding pursuant to CPLR article 75 to confirm the arbitration award. In the judgment appealed from, the Supreme Court granted the petition.

Upon timely application, an arbitration award should be confirmed, unless the award is vacated or modified upon a ground specified in CPLR 7511 (*see* CPLR 7510). "An arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37 [1991]; *see* CPLR 7511 [b] [1]; *Matter of*

*Santer v Board of Educ. of E. Meadow Union Free Sch. Dist.*, 23 NY3d 251, 260-261 [2014]; *Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]).

"[J]udicial intervention on public policy grounds constitutes a narrow exception to the otherwise broad power of parties to agree to arbitrate all of the disputes arising out of their juridical relationships, and the correlative, expansive power of arbitrators to fashion fair determinations of the parties' rights and remedies" (*Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 6-7 [2002]). The public policy exception applies only in " 'cases in which public policy considerations, embodied in statute or decisional law, prohibit, in an absolute sense, particular matters being decided or certain relief being granted by an arbitrator' " (*id.* at 7 [emphasis omitted], quoting *Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631 [1979]; *see Matter of Santer v Board of Educ. of E. Meadow Union Free Sch. Dist.*, 23 NY3d at 261).

Here, the public policy considerations invoked by the appellant fail to meet the strict standards for overturning arbitration awards on public policy grounds (*see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d at 6-12).

The appellant's contention that the award should be vacated on the grounds of fraud or other misconduct is without merit (*see* CPLR 7511 [b] [1] [i]; *Matter of Field v BDO USA, LLP*, 129 AD3d 497, 497-498 [2015]; *Matter of Motors Ins. Corp. [Lewis]*, 221 AD2d 634, 635 [1995]; *Imgest Fin. Establishment v Shearson Lehman Hutton*, 172 AD2d 291, 291-292 [1991]). Chambers, J.P., Dickerson, Duffy and LaSalle, JJ., concur.