Appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated September 17, 2015. The order denied the petition to vacate an arbitration award.
 

 Ordered that the order is affirmed, with costs.
 

 This appeal arises out of a dispute between two labor unions, the petitioner, Subway Surface Supervisors Association, and the respondent Transit Supervisors Organization, Local 106 (hereinafter the TSO), concerning the representation of certain employees working at a bus depot in Manhattan known as the Mother Clara Hale Depot. The petitioner and the TSO both filed grievances with the respondent New York City Transit Authority (hereinafter the TA) under their respective collective bargaining agreements. The petitioner participated in a mediation with the TSO and the TA, but the mediation failed to resolve the conflict. In October 2014, the petitioner filed a “Petition for Unit Clarification and/or Unit Placement” with the State of New York Public Employment Relations Board; however, that petition was deemed withdrawn and the matter was closed. The petitioner agreed to arbitrate the dispute and was involved in the selection of the arbitrator. A letter dated November 7, 2014, sent by the TA to the arbitrator, memorialized the parties’ agreement “to a tri-party arbitration before [him] to resolve all current disputes between the parties, including jurisdiction and representation issues involving supervisory personnel, related to the closing of 126th Street Depot and the re-opening of Mother Clara Hale (MCH) Depot.” The petitioner fully participated in the arbitration hearing, which was held on November 21, 2014. The arbitrator issued an award on December 4, 2014. Thereafter, “by consent of all parties,” the petitioner participated in a second arbitration hearing before the arbitrator, which resulted in a supplemental award dated January 29, 2015. The petitioner subsequently participated in three telephone conferences with the arbitrator concerning additional issues that arose between the parties.
 

 In March 2015, the petitioner commenced this proceeding pursuant to CPLR 7511 (b) to vacate the arbitration award dated December 4, 2014, on the grounds, inter alia, that it violated public policy considerations embodied in the Taylor Law (codified as Civil Service Law art 14), and that the arbitrator exceeded his power under the collective bargaining agreement between the petitioner and the TA. The Supreme Court denied the petition. The petitioner appeals.
 

 “A party seeking to overturn an arbitration on one or more grounds stated in CPLR 7511 (b) (1) bears a heavy burden. That party must establish a ground for vacatur by clear and convincing evidence” (Matter of Kirchhoff-Consigli Constr. Mgt., LLC v Mechtronics Corp., 144 AD3d 682, 683 [2016] [citations omitted]; see Matter of Quality Bldg. Constr., LLC v Jagiello Constr. Corp., 125 AD3d 973, 973-974 [2015]). “An arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator’s power” (Matter of Civil Serv. Empls. Assn., A.F.S.C.M.E. Local 1000, A.F.L.-C.I.O. v County of Nassau, 142 AD3d 1167, 1167 [2016] [internal quotation marks omitted]; see CPLR 7511 [b] [1]; Matter of Shenendehowa Cent. Sch. Dist. Bd. of Educ. [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Local 864], 20 NY3d 1026, 1027 [2013]; Matter of Tarantino v MTA N.Y. City Tr. Auth., 129 AD3d 738, 739 [2015]). “The scope of the public policy exception to an arbitrator’s power to resolve disputes is extremely narrow and courts will only intervene in the arbitration process in those cases in which public policy considerations, embodied in statute or decisional law, prohibit, in an absolute sense, particular matters being decided or certain relief being granted by an arbitrator” (Matter of Santer v Board of Educ. of E. Meadow Union Free Sch. Dist., 23 NY3d 251, 261 [2014] [brackets, citations and internal quotation marks omitted]; see Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90 [2010]).
 

 Here, the public policy considerations invoked by the petitioner fail to meet the strict standards for overturning arbitration awards on public policy grounds (see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO, 99 NY2d 1, 6-7 [2002]; Structure Tek Constr., Inc. v Waterville Holdings, LLC, 140 AD3d 1151, 1152 [2016]; Matter of Tarantino v MTA N.Y. City Tr. Auth., 129 AD3d at 739). Moreover, under the circumstances of this case, the petitioner waived any argument that the award exceeds a specifically enumerated limitation on the arbitrator’s power (see Matter of D’Ropshitz v Schwartz, 131 AD3d 1056, 1057 [2015]; Matter of Jandrew [County of Cortland], 84 AD3d 1616, 1617-1618 [2011]; Matter of Monroe County [Monroe County Deputy Sheriffs’ Assn.], 248 AD2d 984, 984 [1998]; see also Matter of Piller v Schwimmer, 135 AD3d 766, 768 [2016]; Stone v Noble Constr. Mgt., Inc., 116 AD3d 838, 839 [2014]).
 

 Accordingly, the Supreme Court properly denied the petition to vacate the arbitration award.
 

 Rivera, J.P., Dillon, Connolly and Iannacci, JJ., concur.