Matter of Garrido v De Blasio (2022 NY Slip Op 01415)





Matter of Garrido v De Blasio


2022 NY Slip Op 01415


Decided on March 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 08, 2022

Before: Acosta, P.J., Renwick, Webber, Kern, Friedman, JJ. 


Index No. 657608/19 Appeal No. 15476 Case No. 2021-01217 

[*1]In the Matter of Henry Garrido, as Executive Director of District Council 37, et al., Petitioners-Appellants,
v
Bill De Blasio, as Mayor of the City of New York, et al., Respondents-Respondents.


Robin Roach, New York (Aaron S. Amaral of counsel), for appellants.
Georgia M. Pestana, Corporation Counsel, New York (Jane L. Gordon of counsel), for respondents.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered March 11, 2021, which denied the petition to vacate an arbitration award upholding the termination of Galvin Dudley from the New York City Department of Parks and Recreation (DPR), and dismissed the petition brought pursuant to CPLR article 75, unanimously affirmed, without costs.
Petitioners failed to meet their burden of establishing, by clear and convincing evidence, the existence of fraud or misconduct sufficient to warrant vacatur of the arbitration award under CPLR 7511(b)(1)(i) (see Matter of Field v BDO USA, LLP, 129 AD3d 497 [1st Dept 2015]; Financial Clearing & Servs. Corp. v Katz, 172 AD2d 290 [1st Dept 1991]). The record is insufficient to establish that DPR intentionally concealed video evidence during the arbitration proceedings. In any event, petitioners failed to demonstrate that the video evidence materially related to an issue in arbitration since, as the arbitrator determined, the hearing testimony was sufficient to uphold DPR's termination of Dudley even without the video evidence (see Imgest Fin. Establishment v Shearson Lehman Hutton, Inc., 172 AD2d 291 [1st Dept 1991]; see also Sorrentino v Weinman, 50 AD3d 305 [1st Dept 2008]).
We have considered petitioners' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 8, 2022