Chien v Fishman (2022 NY Slip Op 50503(U))

[*1]

Chien v Fishman

2022 NY Slip Op 50503(U) [75 Misc 3d 134(A)]

Decided on June 17, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through June 23, 2022; it will
not be published in the printed Official Reports.

Decided on June 17, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570094/22
Peter Chien,
Petitioner-Appellant,
against
James Fishman, Respondent-Respondent.

Petitioner appeals from 1) an order of the Civil Court of the City of New York, New York
County (Jose A. Padilla, Jr., J.), entered January 14, 2020, which denied his petition to vacate a
fee dispute arbitration award and granted respondent's cross-petition to confirm the award; 2) an
order (same court and Judge), dated July 16, 2021, which granted respondent's motion for an
amended judgment in accordance with the January 14, 2020 order; and 3) an order of the same
court (Richard A. Tsai, J.), dated August 11, 2021, which declined to sign petitioner's order to
show cause.

Per Curiam.
Orders (Jose A. Padilla, Jr., J.), entered January 14, 2020 and dated July 16, 2021,
respectively, affirmed, with one bill of $10 costs. Appeal from order (Richard A. Tsai, J.), dated
August 11, 2021, dismissed, without costs, as nonappealable.
Civil Court properly denied petitioner's application to vacate the arbitration award and
granted the cross motion to confirm the award. Petitioner failed to satisfy his heavy burden of
establishing by clear and convincing evidence (see Garrido v De Blasio, 203 AD3d 458
[2022]; Matter of Denaro v Cruz, 115 AD3d 742, 743 [2014]) that the fee dispute
arbitration award (see Rules of Chief Admin of Cts [22 NYCRR] part 137) should be
vacated pursuant to CPLR 7511(b)(1)(i) and (ii) (see Matter of Saldana v State Farm Fire
& Cas. Co., 39 AD3d 416, 417 [2007]). Petitioner's remote and speculative claims
failed to demonstrate that the arbitrator was biased, and that he sustained prejudice attributable to
any such bias (see Artists & Craftsmen Bldrs. v Schapiro, 232 AD2d 265, 266
[1996]). Nor did he demonstrate any fraud or misconduct (see Matter of Field v BDO USA,
LLP, 129 AD3d 497 [2015]). Petitioner's claims of misconduct based upon the arbitrator's
alleged failure to allow petitioner to record the proceedings are [*2]unavailing given that the arbitrator expressly offered petitioner an
adjournment to obtain a court stenographer. 
We take judicial notice that, subsequent to the confirmation of the arbitration award,
petitioner's claim - at a Small Claims Court trial de novo against respondent (Chien v
Fishman, Civ Ct, NY County, entered February 20, 2020, Kraus, J., Index No. 1915/2019) -
was dismissed on the ground that it was precluded by the underlying order confirming the
arbitration award. Petitioner's challenge to that determination is not properly before us on this
appeal. 
We have examined petitioner's remaining contentions and find them unavailing.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: June 17, 2022