Matter of Bench v Brookhaven Heart, PLLC (2025 NY Slip Op 01626)

Matter of Bench v Brookhaven Heart, PLLC

2025 NY Slip Op 01626

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2020-04551
 (Index No. 622692/19)

[*1]In the Matter of Travis Bench, etc., et al., appellants,
v
Brookhaven Heart, PLLC, respondent.

Weiss Zarett Brofman Sonnenklar & Levy, P.C., New Hyde Park, NY (Michael J. Spithogiannis of counsel), for appellants.
Nixon Peabody LLP, Albany, NY (Daniel J. Hurteau and Paul Downs of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated August 20, 2019, in which Brookhaven Heart, PLLC, cross-petitioned to confirm the arbitration award, the petitioners appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated May 6, 2020. The order denied the petition to vacate the arbitration award, granted the cross-petition to confirm the arbitration award, and confirmed the arbitration award.
ORDERED that the order is affirmed, with costs.
The petitioners, Travis Bench and Dhavel C. Patel, commenced this proceeding pursuant to CPLR article 75 to vacate an arbitration award dated August 20, 2019 (hereinafter the 2019 arbitration award). The arbitrator determined that the petitioners' employer, the respondent, Brookhaven Heart, PLLC, was entitled to the cash proceeds that arose out of the demutualization and sale of a company that had provided medical malpractice insurance to the petitioners as policyholders through the respondent. The respondent cross-petitioned to confirm the 2019 arbitration award. In an order dated May 6, 2020, the Supreme Court denied the petition, granted the cross-petition, and confirmed the 2019 arbitration award. The petitioners appeal. We affirm.
"[J]udicial review of arbitration awards is extremely limited" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). CPLR 7511(b) enumerates the limited grounds upon which an award may be vacated, including, as relevant here, that the arbitrator exceeded his or her power (see id. § 7511[b][1][iii]; American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d 64, 70). "An arbitrator 'exceed[s] [his or her] power within the meaning of the CPLR only when [he or she] issue[s] an award that violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power'" (Matter of Village of Spring Val. v Civil Serv. Empls. Assn., Inc., 214 AD3d 818, 819, quoting American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d at 70). "'A party seeking to overturn an arbitration award bears a heavy burden and must establish a ground for vacatur by clear and convincing evidence'" (Matter of Douglas Elliman of LI, LLC v O'Callaghan, 220 AD3d 945, 946, quoting Matter of Board of Educ. of the Yonkers City Sch. Dist. v Yonkers Fedn. of Teachers, 185 AD3d 811, 812). "[A]n [*2]arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d at 479-480).
Contrary to the petitioners' contention, the Court of Appeals' determination in 2022 in Columbia Mem. Hosp. v Hinds (38 NY3d 253, 276-277) that, absent contrary terms in the contract of employment, insurance policy, or separate agreement, the policyholders, not the employer, are entitled to the cash proceeds from demutualization "when an employer pays premiums to a mutual insurance company to obtain a policy of which its employee is the policyholder, and the insurance company demutualizes" (id.), is not a basis for vacatur of the 2019 arbitration award (see Matter of Furstenberg [Aetna Cas. & Sur. Co.—Allstate Ins. Co.], 49 NY2d 757, 759). The petitioners also failed to demonstrate by clear and convincing evidence that the 2019 arbitration award should be vacated on the grounds that it was irrational (see Matter of Long Beach Professional Firefighters Assn. v City of Long Beach, 214 AD3d 735, 737; Matter of Soliman v Suffolk County Dept. of Pub. Works, 155 AD3d 1049, 1050-1051), or that it violated a strong public policy (see Matter of Long Beach Professional Firefighters Assn. v City of Long Beach, 214 AD3d at 737; Matter of Subway Surface Supervisors Assn. v New York City Tr. Auth., 153 AD3d 1264, 1265).
Accordingly, the Supreme Court properly denied the petition to vacate the 2019 arbitration award and granted the cross-petition to confirm the 2019 arbitration award.
DUFFY, J.P., BARROS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court